The Honorable Bob Adams State Representative 320 Grant 4653 Sheridan, AR 72160-8646
Dear Representative Adams:
I am writing in response to your request for an opinion on Act 1032, which is codified at A.C.A. § 16-88-116 (Supp. 2003) and which provides:
 (a) All traffic citations issued within the boundaries of a municipality of this state which has a district or city court shall be placed on the docket of the district or city court of that municipality, unless the presiding judge of that court authorizes a transfer to another court exercising jurisdiction over the area in which the citation was issued.
 (b) If a municipality has more than one (1) court exercising subject matter jurisdiction over traffic citations issued within the boundaries of that municipality, then all traffic citations issued within the boundaries of that municipality shall be placed on the docket of the municipality's district or city court in the closest proximity to where the offense occurred.
As background for your question regarding this legislation, you state that "[the act] has created some consternation in Little Rock because our traffic court judge takes the position that all tickets issued by the Arkansas State Police within the boundaries of Little Rock should be lodged in the Traffic Division of the Little Rock District Court." (Emphasis original). You have asked:
 Is the Arkansas State Police required by Act 1032 or otherwise to lodge all citations within the corporate boundaries of a City in the District Court of that City or, in cases wherein there are more than one district court in a municipality, may or must they be lodged in the court closest to the point of issuance?
RESPONSE
It is my opinion that subsection (b) of A.C.A. § 16-88-116 operates as an exception to subsection (a) where there is more than one district court situated, i.e., located in a municipality, with jurisdiction over traffic citations issued within the municipality. In that instance, all traffic citations issued within the municipality must be placed on the docket of the court that is closest to where the offense occurred.
This follows, in my opinion, from a reading of the statute under established rules for interpreting statutes. The first rule of statutory construction is to interpret a statute just as it reads, giving words their ordinary usually accepted meaning in common usage. McDonald v.Pettus, 337 Ark. 265, 988 S.W.2d 9 (1999). According to subsection (a) of § 16-88-116, the statute applies to a municipality "which has a district or city court[;]" and subsection (b) applies if the municipality "has more than one (1) [district or city] court" exercising jurisdiction over traffic offenses. Although this might suggest that a city literally must operate more than one district or city court for subsection (b) to be operative, the Arkansas courts have long held that in interpreting statutory language, it is inappropriate to give the statute a reading that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbrough v. Witty,336 Ark. 479, 484, 987 S.W.2d 257(1999). To my knowledge, no municipality in Arkansas itself operates more than one district or city court. I thus interpret the language to refer to a city that has more than one district court situated, i.e., located within its boundaries and exercising jurisdiction over traffic offenses.
Subsection (a) of A.C.A. § 16-88-116 thus establishes the general rule for municipalities with district or city courts. Traffic citations must be placed on the docket of the district or city court of the municipality in which the offense occurred.[1] But subsection (b) may apply, depending upon the particular municipality in question. To my knowledge, the City of Little Rock currently is the only city to which subsection (b) applies.[2] The Pulaski County District Court is situated in Little Rock and exercises jurisdiction over traffic citations issued within the City.[3] It is therefore my opinion that in accordance with A.C.A. §16-88-116 (b), traffic citations issued within the boundaries of Little Rock must be placed on the docket of either the Little Rock District Court or the Pulaski County District Court, depending upon which court is closest to where the offense occurred.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] This venue statute (see Op. Att'y Gen. 2003-286) marks a significant departure from current law which would otherwise authorize another district court in the county to exercise jurisdiction over the offense. After January 1, 2005, the district courts will exercise jurisdiction within the boundaries of their legislatively established districts. See A.C.A. §§ 16-17-206 (b) (Supp. 2003) and 16-88-101 (a) (4) (Supp. 2003) (establishing countywide jurisdiction of district courts until Jan. 1, 2005, when the territorial jurisdiction of district courts will be coextensive with the area from which the judges are elected, in accordance with A.C.A. §§ 16-88-101 (a) (4) (Supp. 2003) (effective Jan. 1, 2005) and 16-17-901 et seq. (Supp. 2003)). See also Op. Att'y Gen. Nos. 2003-240 at n. 1 and 2003-159.
[2] There will be two district courts located in the City of Pine Bluff, effective January 1, 2005. See A.C.A. § 16-17-913 (Supp. 2003).
[3] Act 710 of 1981 established the Pulaski County Municipal Court as a "municipal corporation court to be located in Little Rock, Pulaski County. . . ." Acts 1981, No. 710, § 1.